UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JARED ANTHONY WINTERER, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM BARR, <br><br> Defendant. | Case No. C20-0557-JCC-MAT <br><br> REPORT AND RECOMMENDATION |

Plaintiff Jared Winterer is a state prisoner who is currently confined at the Monroe Correctional Complex – Special Offender Unit ("SOU"). On April 8, 2020, plaintiff submitted to the Court for filing a prisoner civil rights complaint in which he alleged violations of the Emergency Medical Treatment and Labor Act (EMTALA), the Torture Victim Protection Act (TVPA), and the Fifth and Eighth Amendments to the United States Constitution, all apparently related to a traumatic brain injury plaintiff suffered as a result of an automobile accident in 2004. (*See* Dkt. 9 at 5-6.)

Specifically, plaintiff asserted that various conditions related to his TBI have not been properly diagnosed and/or treated over the past fifteen years, and he cited to a number of medical facilities where he has apparently sought treatment but has not been afforded the required care.

REPORT AND RECOMMENDATION
PAGE - 1

(*See id*. at 6-8.) Plaintiff further asserted that at present the Washington Department of Corrections is providing deficient care by denying him necessary tests, including an MRI and certain blood tests, and denying him "indicated neurotransmitter and hormone replacement medications." (*Id*. at 12.) Finally, plaintiff appeared to assert that his untreated medical issues have led to a number of criminal convictions, with associated periods of incarceration, which he claimed violated his rights to due process and to be free from cruel and unusual punishment. (*See id*. at 7-11.)

Plaintiff identified United States Attorney General William Barr as the lone defendant in his complaint, and he claimed he was suing the United States in this action "because Washington State employees have been violating the contract I signed for promised support from Acts of Congress and U.S. Constitution rights, to be a U.S. citizen." [1] (*See id*. at 4-5.) Plaintiff also claimed that his complaint falls on the United States because "finding all the state employees to defend for this is impossible." (*Id*. at 13.) Plaintiff requested relief in the form of expungement of his criminal history, release from state custody, damages, and payment for necessary medical treatment at the Harborview Medical Center Emergency Room. (*Id*. at 18.)

After reviewing plaintiff's complaint, this Court determined that the pleading was deficient in various respects and, thus, on June 18, 2020, the Court issued an Order declining to serve plaintiff's complaint and granting him leave to amend. (Dkt. 10.) In that Order, the Court identified the following deficiencies: (1) plaintiff's pleading did not comply with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure because plaintiff's statement of his claim was lengthy, confusing and failed to identify any claim for relief that was plausible on its face; (2) plaintiff failed to allege facts demonstrating that the only named defendant, William Barr,

---

[1] Plaintiff indicated that the referenced "contract" was "signed" with the United States when his birth certificate containing his hand, foot, and fingerprints was issued on the day he was born. (Dkt. 9 at 13.)

REPORT AND RECOMMENDATION
PAGE - 2

personally participated in the violation of plaintiff's federal rights; (3) plaintiff's apparent challenges to his various state court convictions and his current confinement were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); and, (4) at least some of plaintiff's claims appeared to be barred by the statute of limitations. (*See* Dkt. 10 at 3-5.) Plaintiff was granted thirty days to file an amended complaint correcting these deficiencies and was advised that his failure to timely file an amended pleading, or to correct the identified deficiencies, would result in a recommendation that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). (*Id.* at 5.)

Shortly after the Court issued its Order declining to serve plaintiff's complaint, plaintiff filed motions for reconsideration in which he suggested that this Court had misconstrued his complaint and had incorrectly determined that his pleading was deficient. (*See* Dkts. 11, 12.) Plaintiff argued that his statutory and constitutional claims were viable, that his claims were not time barred, that the United States was liable for the alleged violations rather than state doctors, judges, and prison staff, and that his claims challenging his prior and current convictions were cognizable in this action. (*Id.*) On July 7, 2020, this Court issued an Order denying plaintiff's motions for reconsideration and granting him an extension of time until August 10, 2020 to file an amended complaint in accordance with the Court's June 18, 2020 Order. (Dkt. 13.) Plaintiff was once again advised that his failure to timely file an amended complaint correcting the specified deficiencies would result in a recommendation that this action be dismissed. (*Id.* at 3.)

On July 9, 2020, plaintiff filed an appeal with the Ninth Circuit challenging this Court's refusal to serve his original complaint. (Dkt. 14.) On July 23, 2020, the Ninth Circuit dismissed plaintiff's appeal for lack of jurisdiction. (Dkt. 17.) The deadline for plaintiff to file his amended complaint thereafter passed without plaintiff having made any effort to amend his pleading. However, on September 30, 2020, plaintiff filed what he identified as a "motion for additional

REPORT AND RECOMMENDATION
PAGE - 3

information about my case." (Dkt. 20.) Plaintiff's submission is somewhat difficult to understand, though he appears to suggest that the deficiencies previously identified by the Court do not bar this action and he reiterates his demands for relief in this action, including release from confinement, expungement of his criminal history, and an award of damages. (*See id.*)

While plaintiff is insistent that he should be permitted to proceed with this action based on his original pleading, that pleading simply did not state any viable claim for relief. Plaintiff asserts in his most recent submission that his intention is to sue the United States and that he named Attorney General Barr as a defendant only because he is the individual who must be served in order to initiate an action against the United States. (*See* Dkt. 20 at 2.) The Court notes, however, that plaintiff did not identify in his complaint any conduct properly attributable to the United States and, even if had done so, the United States has not waived its sovereign immunity with respect to suits brought under the civil rights statutes and thus any intended claims against the United States would be barred by sovereign immunity. *See Davis v. United States Dep't of Justice*, 204 F.3d 723, 726 (7th Cir. 2000); *Affiliated Professional Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999). In addition, because plaintiff makes clear that he believes his current confinement is unlawful, and because he expressly seeks release from confinement, the Court reiterates that any challenges to his confinement are barred by *Heck*.

When a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court may dismiss an *in forma pauperis* complaint before service of process under § 1915(e)(2)(B). Because plaintiff's original complaint failed to identify any viable claim for relief, and because plaintiff has refused to file an amended complaint correcting the deficiencies in his original pleading, this Court recommends that plaintiff's complaint and this action be dismissed, without

REPORT AND RECOMMENDATION
PAGE - 4

prejudice, pursuant to § 1915(e)(2)(B).  This Court further recommends that this dismissal be counted as a strike under 28 U.S.C. § 1915(g).  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21)** days of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 6, 2020**.

DATED this 14th day of October, 2020.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 5