THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JARED ANTHONY WINTERER, | CASE NO. C20-0557-JCC |
| Plaintiff, | ORDER |
| v. | |
| WILLIAM BARR, | |
| Defendant. | |

This matter comes before the Court on the Report and Recommendation (R&R) of the Honorable Mary Alice Theiler, United States Magistrate Judge (Dkt. No. 21). Having thoroughly considered the R&R, Plaintiff's objections thereto (Dkt. Nos. 22, 23, 24), and the relevant record, the Court hereby OVERRULES Plaintiff's objections and ADOPTS the R&R for the reasons explained herein.

I.   **BACKGROUND**

Plaintiff Jared Winterer is a Washington state prisoner currently confined at the Monroe Correctional Complex. He filed this civil rights action *pro se* and *in forma pauperis* against William Barr, United States Attorney General, alleging that the United States has violated the Emergency Medical Treatment and Labor Act (EMTALA), the Torture Victim Protection Act (TVPA), and the Fifth and Eighth Amendments to the United States Constitution. (*See* Dkt. Nos. 8, 9.)

According to Plaintiff's allegations, he was in a serious car accident as a teenager in 2004. After being ejected from the car, he was flown to Yakima Regional Medical Center, where he received treatment for his injuries. Plaintiff's complaint alleges that the Yakima Regional Medical Center violated EMTALA by failing to adequately screen and treat his traumatic brain injury (TBI). (Dkt. No. 9 at 6.) He alleges that this EMTALA violation has led to "over 15 years of adapting to personal injuries as doctors in hospitals, jails, and prisons don't or haven't seen my serious medical needs." (*Id.*) As a result, he claims that since January 2005, "the [Fifth] Amendment has been violated as untreated severe TBI . . . has limited and restricted my behaviors and actions by depriving me of life, liberty, and property . . . without due process of law whether I've been incarcerated or not which has . . . violated the [Eighth] Amendment by making punishment cruel and unusual." (*Id.* at 7.)

Plaintiff's complaint further alleges that his untreated medical issues have led to several criminal convictions and that at present, the Washington Department of Corrections is providing inadequate care by failing to give him a pituitary MRI, neurotransmitter and hormone medications, and specific blood tests. (*Id.* at 12.) He contends that his complaint "falls on the United States" because "finding all the state employees to defend for this is impossible and my contract was signed with the United States for citizenship on my birthdate." (*Id.* at 13.) He claims that "[c]ontract violations will persist until the United States provides adequate treatment for my emergency." (*Id.*) As relief, he seeks expungement of his criminal history, release from state custody, damages, and payment for medical treatment. (*Id.* at 18.)

After reviewing Plaintiff's complaint, Judge Theiler concluded that Plaintiff failed to state a claim and issued an order declining to serve the complaint but granting leave to amend. (Dkt. No. 10.) Plaintiff did not file an amended complaint and instead submitted a filing reiterating his demands for relief. (Dkt. No. 20.) Judge Theiler now recommends that the Court dismiss Plaintiff's complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B) because (1) the complaint does not comply with Federal Rule of Civil Procedure 8(a) because Plaintiff's

statement of his claim is lengthy, confusing, and fails to identify a plausible claim for relief; (2) Plaintiff fails to allege facts demonstrating that the named defendant personally participated in the violation of Plaintiff's federal rights; (3) Plaintiff's challenges to his various state court convictions and his current confinement are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); (4) at least some of Plaintiff's claims appear to be barred by the statute of limitations; and (5) to the extent he seeks to bring claims against the United States, the United States has not waived its sovereign immunity with respect to suits brought under the civil rights statutes. (Dkt. No. 21 at 2–4.) Judge Theiler also recommends the dismissal be counted as a strike under 28 U.S.C. § 1915(g). Plaintiff filed objections to Judge Theiler's R&R. (Dkt. Nos. 22, 23, 24.)[1]

## II. DISCUSSION

### A. Legal Standard

Objections to a magistrate judge's report and recommendations are reviewed de novo. 28 U.S.C. § 636(b)(1). The Court must dismiss an *in forma pauperis* complaint if the action raises frivolous or malicious claims, seeks monetary relief from a defendant who is immune from such relief, or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B). To state a claim for relief, a pleading must contain "a short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Conclusory allegations of law and unwarranted factual inferences are not sufficient to state a claim. *Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). Dismissal is also appropriate if a complaint fails to put forth a "cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). The Court liberally

---

[1] Plaintiff also submitted several additional filings that reiterate his allegation that Yakima Regional Medical Center violated EMTALA, explain how he plans to obtain evidence, and state that he does not want his claims dismissed. (*See* Dtk Nos. 25, 26, 27.) These filings, which make only general objections and summarize arguments previously presented, do not constitute proper objections to the R&R because they do not focus the Court's attention on any specific issues for review. *See Howard v. Sec'y of Health and Human Svcs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Ali v. Grounds*, 236 F. Supp. 3d 1241, 1249 (S.D. Cal. 2017). The Court reviews *de novo* only Plaintiff's objections that direct the Court to specific alleged errors in the R&R. *See Strawbridge v. Sugar Mountain Resort, Inc.*, 243 F. Supp. 2d 472, 475 (W.D.N.C. 2003).

construes a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

### B. Analysis

Plaintiff objects to Judge Theiler's recommendation, arguing that his claims against the United States are not barred by sovereign immunity, his claims are not time barred, and his claims are not barred by *Heck*, 512 U.S. 477. (*See generally* Dkt. Nos. 22, 23, 24.)

First, Plaintiff argues that sovereign immunity does not bar his claims against the United States because he is "suing the United States for violating the contract of my citizenship." (Dkt. No. 24 at 1; *see* Dkt. No. 22-1 at 2.) Plaintiff may be referencing Congress' waiver of sovereign immunity for some contract claims against the federal government and its agencies in the Little Tucker Act, 28 U.S.C. § 1346(a)(2). Under that act, immunity is generally waived when the government enters a contract in a proprietary context, but not when the government enters a contract in its sovereign capacity. *See Kania v. United States*, 227 Ct. Cl. 458, 464 (Ct. Cl. 1981) ("Congress undoubtedly had in mind as the principal class of contract case in which it consented to be sued, the instances where the sovereign steps off the throne and engages in purchase and sale of goods, lands, and services, transactions such as private parties, individuals, or corporations also engage in among themselves."). Plaintiff does not identify a specific contract he made with the federal government that falls within the scope of the Little Tucker Act, nor does he identify any other basis for finding a waiver of sovereign immunity. Because the United States has not waived its sovereign immunity with respect to suits brought under the civil rights statutes, any intended claims against the United States are barred. *See Davis v. United States Dep't of Justice*, 204 F.3d 723, 726 (7th Cir. 2000); *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999). Plaintiff's objection is overruled.

Plaintiff also argues that Judge Theiler erred in concluding that many of his claims are time-barred because, under 28 U.S.C. § 2401, the statute of limitations for claims against the United States is six years. (*See* Dkt. No. 22-1 at 1.) As sovereign immunity bars Plaintiff's

claims against the United States, the United States is not a proper defendant and that statute does not apply. Judge Theiler properly concluded that the statute of limitations applicable to Plaintiff's civil rights claims is three years. *See Wilson v. Garcia*, 471 U.S. 261 (1985) (holding that for claims brought under 42 U.S.C. § 1983, federal courts apply the forum state's statute of limitations governing personal injury actions); Wash. Rev. Code § 4.16.080(2) (providing for a three-year statute of limitations). Plaintiff's allegations span approximately 15 years. Therefore, Judge Theiler properly concluded that even had Plaintiff named proper defendants, many of his claims would be time-barred.

Finally, Plaintiff argues that *Heck*, 512 U.S. 477, does not bar his claims "because invalidating my criminal convictions or sentences would violate the [Eighth] Amendment." (Dkt. No. 23 at 2.) It is not clear what Plaintiff means by this objection. In his complaint, he seeks expungement of his criminal history and release from custody and alleges that the Washington State Department of Correction's failure to provide him adequate care for his TBI and related medical issues violates the Eighth Amendment. As Judge Theiler concluded, to the extent Plaintiff challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973), and his section 1983 action is barred, *Heck*, 512 U.S. at 489.

## III. CONCLUSION

For the foregoing reasons, the Court ADOPTS the R&R (Dkt. No. 21) in its entirety, OVERRULES Plaintiff's objections thereto (Dkt. No. 22, 23, 24), and DISMISSES Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B) without prejudice. The Court DIRECTS the Clerk to send a copy of this Order to Plaintiff and Judge Theiler. The Clerk shall count this dismissal as a strike under 28 U.S.C. § 1915(g).

//

//

//

1  DATED this 11th day of December 2020.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C20-0557-JCC
PAGE - 6